■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED LEE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 6, 1971, convicting him of robbery in the third degree, upon his guilty plea, and imposing sentence. The appeal brings up for review an intermediate order of said court entered November 20, 1970, which denied defendant's motion to dismiss the indictment for lack of prosecution. Judgment and order affirmed. The facts surrounding the 23-month hiatus between defendant's arraignment and trial date are adequately detailed in the dissenting memorandum and so will not be repeated here. On those facts, we are of the view that the initial 13-month delay was due solely to the inaction of attorney Siegel and defendant in failing to advise the court as to defendant's actual lack of legal representation. The court and the prosecutor had every right to assume that Siegel was, in fact, representing defendant during this period. The latter, appearing alone upon arraignment, had informed the court that Siegel was his attorney or " supposed to be taking this case "; and Siegel himself, appearing upon the rearraignment, did nothing to dispel the impression that he had just been, or was about to be, retained as defendant's counsel, asking 30 days for motions and time to consult with defendant. Indeed, Siegel was obviously aware that the court and the prosecutor considered him to be defendant's attorney, as he was apparently notified in advance as to the dates of the two 1969 scheduled pretrial conferences, although he failed to appear thereat and finally presented an application, through an associate, to be " relieved " at a scheduled calendar call in January, 1970. That motion was denied, with leave to renew upon written papers. Defendant was returned to Nassau County from Sing Sing Prison and, as an indigent person, on January 29, 1970 appeared in court and a new attorney was appointed to represent him. At the time of these 1969 conferences, defendant was incarcerated in Kings County on another charge. Although there is some indication in the record that defendant might have known, prior to January, 1970, that Siegel would not represent him in these proceedings (Siegel had also initially represented him in the Kings County proceedings, but apparently bowed out sometime before defendant's conviction therein), he claims also to have been under the impression that Siegel was representing him in 1969. Therefore, even if the prosecution had produced him at these pretrial conferences, it would not have hastened his day in court in the absence of effective legal representation. Then too, there is nothing in the record to demonstrate that the prosecution would not have been ready to try him by January, 1970 had defendant been more diligent in securing legal counsel or advising the court as to his indigency. It is unfortunate that defendant was mistakenly returned to Sing Sing Prison before the March, 1970 conference, at which newly assigned counsel discussed a possible plea disposition with the prosecution. However, any delay in trial caused thereby was minimal in light of the fact that defendant moved to dismiss the indictment only three months later. It is even more unfortunate that the court did not decide the motion until November, 1970, but we do not believe that this delay, standing

alone, merits dismissal of the indictment. Latham, Gulotta and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and the order and to grant defendant's motion to dismiss the indictment, with the following memorandum, in which Rabin, P. J., concurs: Defendant was indicted by a Nassau County Grand Jury on August 13, 1968. He was arraigned on the indictment on December 4, 1968, at which time he informed the court that he had an attorney. The court interposed a plea of not guilty for defendant and scheduled a rearraignment. That rearraignment took place on December 9, 1968. Defendant was represented thereat by Stanley L. Siegel, who stated he was appearing only for purpose of the arraignment. Siegel argued the question of bail and requested 30 days for motions. He did nothing further in the case. In January, 1969 defendant was removed from Nassau County to Kings County to await trial on another charge. He was sentenced in connection with that charge in January, 1970. Two conferences were scheduled in 1969 with regard to the instant indictment in Nassau County. Defendant was not produced at either conference and Siegel did not appear. On January 21, 1970 a motion to be relieved as attorney was made on behalf of Siegel by his associate. The court was informed that Siegel felt he did not represent defendant. The motion was granted, new counsel was assigned and a conference was scheduled for March 11, 1970. Once again defendant was not present at the conference, as he had apparently been returned to Sing Sing Prison by mistake. In June 1970, some 19 months after his arraignment, defendant moved, *pro se,* for dismissal of the indictment for lack of prosecution. The delay was compounded by the court's failure to rule on the motion until November, 1970. It found, in denying the motion, that the 13-month delay between the rearraignment and the assignment of new counsel was occasioned by defendant. I do not agree. The burden is upon the People to move a case to trial and not upon the defendant to demand a trial (*People* v. *Prosser,* 309 N. Y. 353, 358). The fact that defendant was imprisoned on another charge does not excuse the delay (*People* v. *Wallace,* 26 N Y 2d 371, 374; *People* v. *Winfrey,* 20 N Y 2d 138, 141). The delay of more than 23 months in bringing the case to trial is in no way attributable to defendant. He was unaware of the conferences scheduled in 1969 and, since he was incarcerated, it was the responsibility of the People to produce him at these conferences. The court and the prosecutor were placed on notice of the limited nature of Siegel's appearance. His requests, at the rearraignment, for time within which motions could be made on behalf of defendant and for the fixing of reasonable bail did not conflict with the limited nature of his appearance. The People have not met their burden of establishing good cause for the delay and defendant has in no way waived his right to a speedy trial. Accordingly, I would reverse the judgment of conviction and the order denying his motion to dismiss the indictment and would grant that motion (see *People* v. *Wallace, supra*; *People* v. *Bryant,* 12 N Y 2d 719; *People* v. *Piscitello,* 7 N Y 2d 387).